UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH DALE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-1093-WTL-MJD |
| | ) |
| GREGORY ZOELLER, | ) |
| Indiana Attorney General, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This cause is before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #11). The Court, being duly advised and having considered the response to the motion filed by certain Defendants and the Plaintiff's filing in response, **DENIES** the Plaintiff's motion for the reasons set forth below.

### I. BACKGROUND

The facts as alleged in the Plaintiff's Second Amended Complaint and the Plaintiff's filings with regard to the instant motion are as follow.

Plaintiff Joseph Lewis alleges numerous violations of his federal constitutional rights by the Defendants' biased and persistent prosecution of unfounded criminal charges against him in Indiana's courts. Specifically, the Plaintiff claims that Defendant Angela Crook's baseless allegations and false testimony have caused three criminal prosecutions against him to be initiated and that these prosecutions have cost him significant jail time, thousands of dollars in attorney's fees, lost wages and employment, and damage to his reputation and personal relationships. The Plaintiff further alleges that his continued prosecution by the governmental

Defendants and their failure to prosecute Ms. Crook for criminal acts she has committed result from bias against men and have further violated his constitutional rights. Most recently, the Plaintiff has been charged with invasion of privacy in Marion County Superior Court.

The Plaintiff quite succinctly describes the relief he seeks with regard to his Motion for Temporary Restraining Order and Preliminary Injunction as follows:

> I am asking this court to dismiss the Marion County Criminal case under cause number 49-G21-1207-CM-047934 with prejudice. I am asking the court to restrain the defendants from pursing the charges in this Marion County Criminal case until the resolution of this case. I am asking the court to restrain all agents practicing law within the state of Indiana from pursuing any criminal charges against me to include probation violation proceedings until the injunction and restraining order becomes permanent.

## II. DISCUSSION

The Court respects nothing more than a plaintiff's wish to cure a violation of constitutional rights. However, the nature of the relief sought by the Plaintiff in the instant motion—the injunction of an ongoing criminal proceeding in state court and a further injunction against the institution of any additional criminal proceedings—demands that the Court respectfully abstain from hearing this motion.

Absent evidence of bad faith, bias, or unusual circumstances that would cause irreparable injury, federal courts must abstain from enjoining a state court's criminal proceedings. *See Younger v. Harris*, 401 U.S. 43 (1971). The abstention doctrine counsels federal courts against enjoining state judicial proceedings involving important state interests, even if the plaintiff's claim otherwise would be a proper matter for federal jurisdiction. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010); *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996). The doctrine honors three principles fundamental to our justice system. First, courts should not entertain equitable remedies—particularly in criminal prosecutions—when the plaintiff has an

adequate opportunity to pursue a legal remedy without suffering irreparable injury. *Younger*, 401 U.S. at 43-44. Second, this country is a union of state governments, each with authority and important functions distinct from those exercised by the federal government. *Id.* at 44; *Barichello*, 98 F.3d at 954. Finally, a federal court should not demean a state court's status as an important and proper forum for resolving disputes over federal constitutional rights. *Barichello*, 98 F.3d at 954.

The Plaintiff's motion undeniably raises *Younger* concerns, and the Court therefore must abstain from considering it. *Id.* at 955. Petitions to enjoin state courts from completing criminal prosecutions represent the core of the *Younger* abstention doctrine. *SKS & Assocs.*, 619 F.3d at 678. Further, it is self-evident that these state court proceedings implicate important state interests and it is similarly evident that the courts of Indiana constitute competent and constitutionally adequate forums in which to litigate alleged violations of criminal defendants' federal constitutional rights. The remedy for the wrongs alleged by the Plaintiff is not an injunction from this Court, but rather putting on his best defense—including his constitutional claims—in the state court proceeding. *Younger*, 401 U.S. at 45.

By alleging that the Defendant judge and prosecutors are biased against him, the Plaintiff implicates an exception to the abstention doctrine recognized in *Younger*: Where abstention would cause great, immediate, and irreparable harm, the federal court must nevertheless hear a claim from which it should otherwise abstain. *Id.* at 46. To avail himself of the exception, a plaintiff must show the prosecution is grounded in bias, bad faith, or harassment designed to discourage his exercise of a constitutional right. *Id.* at 54; *Collins v. County of Kendall*, 807 F.2d 95, 98 (7th Cir. 1986). A plaintiff seeking to invoke this exception must satisfy a demanding standard by alleging specific, well-developed facts sufficient to convince the court it realistically

must intervene to protect the plaintiff's constitutional rights. *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999); *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 296-97 (7th Cir. 1994). Further, a plaintiff does not qualify for the exception simply by noting that the prosecution will result in jail time, the expense of retaining counsel, injury to his reputation, or the other consequences common to good faith prosecution. *See Younger*, 401 U.S. at 47.

The Plaintiff has alleged that his prosecution is a product of bias, but his claim does not fall under the *Younger* exception. The Plaintiff claims that Marion County's courts and prosecutors are biased against men accused by women and supports his claim only by alleging that Defendant Crook, a woman, has engaged in numerous bad acts and has not been prosecuted. This lone, bare allegation does not rise to the level of specific, well-developed facts required to hear the motion. Likewise, although the Plaintiff has alleged that the invasion of privacy charge is the latest in a series of prosecutions undertaken against him by the Defendants, these allegations, without more, do not preclude abstention. *See, e.g.*, *Collins*, 807 F.2d 98-99, 101 (declining to apply *Younger* exception although three plaintiffs had been prosecuted 34 times in two-year period). Although the Court sympathizes with the Plaintiff's desire to avoid further prosecution and acknowledges that he alleges that he has wrongfully endured jail time, attorney's fees, lost income, and indignity, these are consequences "'incidental to every criminal proceeding brought lawfully and in good faith.'" *Younger*, 401 U.S. at 47 (quoting *Douglas v. City of Jeannette*, 319 U.S. 157, 165 (1943)).

"When confronted with circumstances that clearly implicate *Younger* concerns, a federal court must abstain." *Barichello*, 98 F.3d at 955. The Court is not indifferent to the Plaintiff's constitutional claims, but intervening to halt his prosecution would be improper. The Plaintiff

should put forward his best defense and raise his constitutional claims in his state court prosecution.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

SO ORDERED:   11/01/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

JOSEPH DALE LEWIS
520 Main Street
Elwood, IN 46036

Copies to all counsel of record via electronic notification