UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH DALE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1093-WTL-MJD |
| ) | |
| GREGORY ZOELLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause comes before the Court on the Defendants' motion to dismiss. Dkt. No. 66. Defendants Attorney General Greg Zoeller, Marion County Prosecutor Terry Curry, Deputy Prosecutors Rachel Jefferson and Megan Singleton, Judge Barbara Cook-Crawford, Chief of Police Richard Hite, the Indianapolis Metropolitan Police Department, and Detectives Austin Black and Christopher Edwards move to dismiss the counts against them on various grounds. The Court rules as follows.

### I.   STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II. BACKGROUND[1]

Plaintiff Joseph Lewis brings the instant action alleging numerous violations of his federal and state constitutional rights. In doing so, he invokes 42 U.S.C. §§ 1983, 1985, and 1986, as well as several criminal statutes. The facts as alleged in the Complaint are as follow.

On April 24, 2011, Lewis was arrested by Detective Edwards and charged with domestic battery on Defendant Angela Crook based on her report to the police. Crook later changed her testimony, resulting in the dismissal of criminal charges against Lewis on August 9, 2011, but the damage had already been done.

Thereafter, Lewis reported Crook to Child Protective Services due to her drug and alcohol abuse. In response, she retaliated against him. She, along with Deputy Prosecutor Jefferson, testified against him in a probation revocation proceeding in Tippecanoe County. At that hearing, Crook reverted to her original domestic battery testimony despite her later recantation of it. Jefferson testified as to her opinion why Crook changed her testimony and then changed back. In addition, and in furtherance of the retaliation, Crook secured multiple protective orders through lies told to Judge Crawford.

Prosecutors in Marion County filed misdemeanor invasion of privacy charges against Lewis and secured an excessive bond of $1,000. There was no jurisdiction and no probable cause for the charge because Lewis was never served with the protective order he is alleged to have violated. At the same time, Crook has committed numerous crimes but has not been prosecuted, even when Attorney General Zoeller has information about those crimes. For example, Crook stole morphine from hospitals using her knowledge as a nurse.

---

[1] After independently reviewing the Complaint, the Court finds the Defendants' summary of Lewis's Complaint accurate and adopts it where appropriate below.

Lewis came to Indiana to keep Crook from overdosing and saved her life. In response, she has been harassing him with protective orders and charges based on lies.

Detective Edwards arrested Lewis on April 24, 2011, for rape and battery based on statements made to authorities by Crook, though she later changed her testimony.

Detective Black committed perjury in filing an invasion of privacy charge because Lewis was not served with the protective order on October 12, 2011, in the Tippecanoe County jail as claimed.

Lewis raises several legal claims. In Claim I, Lewis complains of the failure to prosecute Crook for "multiple felonies" by Attorney General Zoeller, Prosecutor Curry, and the Marion County Prosecutor's Office. The Attorney General filed an action with the Nursing Board after Crook committed prescription fraud. Although Crook failed to complete court-supervised drug treatment and was arrested for driving under the influence, she received only 90 days despite multiple drug arrests. If Crook had been properly charged and prosecuted, Lewis would have avoided all contact with her and he would thus not face false charges.

As to Claim II, Lewis alleges that Crook accused him of rape and domestic battery, but she later changed her testimony and is thus guilty of false informing, perjury, and obstruction of justice. Despite these crimes, Deputy Prosecutor Jefferson has not prosecuted Crook. In fact, Jefferson testified against Lewis in Tippecanoe County in the probation revocation proceeding. Her actions are discrimination on the basis of gender.

As to Claim III, Lewis alleges that Crook has filed for multiple protective orders and then dismissed them. Judge Crawford issued a warrant for Lewis's arrest, but she does not have jurisdiction because Lewis was not served with the protective order he is alleged to have violated.

The statements Crook has made in the protective order cases have made Judge Crawford biased against Lewis so that she lets in inaccurate and inadmissible evidence. Deputy Prosecutor Singleton filed an invasion of privacy charge against Lewis in Judge Crawford's court with no evidence, as Lewis was never served with the protective order he is alleged to have violated. This is vindictive prosecution and Singleton is acting outside the scope of her jurisdiction.

In Claim IV, Lewis asserts that Detective Black perjured himself in filing invasion of privacy charges because Lewis was not served with a protective order on October 12, 2011, in the Tippecanoe County jail, as is claimed. Detective Black is also in violation of several sections of the criminal code.

In Claim V, Lewis claims that he was arrested by Detective Edwards on April 24, 2011, for rape, a charge that was later dismissed. Detective Edwards lacked probable cause to arrest Lewis because there was no medical opinion obtained at the time of arrest regarding physical and/or sexual assault.

As to Claim VI, Lewis sues the Marion County Commissioners because they appropriate money for judges and prosecutors and operate and profit from the jail.

In Claim VII, Lewis sues Police Chief Richard Hite for failure to train and supervise Detectives Black and Edwards.

Lewis seeks compensatory and punitive damages. He sues each of the individual Defendants in their individual and official capacities.[2]

---

[2] Lewis also asserts claims against Crook, but it does not appear that she has been served with process. For the purposes of this Entry, "the Defendants" refers to the moving Defendants and does not include Crook.

### III.  DISCUSSION

#### A. Indianapolis Metropolitan Police Department

In the caption of his Complaint, Lewis names the Indianapolis Metropolitan Police Department ("IMPD"). However, as the Defendants point out, Lewis does not allege any wrongdoing on the part of the IMPD; in fact, he does not even name the IMPD in the body of his Complaint. The IMPD is therefore entitled to be dismissed as a party.

#### B.  Official Capacity Claims against State Officials

Lewis asserts claims against Judge Crawford, Attorney General Zoeller, Prosecutor Curry, and Deputy Prosecutors Jefferson and Singleton in their official capacities. The Defendants contend that Lewis's official capacity claims against these Defendants are barred by the Eleventh Amendment. The Court agrees.

The Eleventh Amendment bars suit against a state and state agencies. *See, e.g.*, *Thomas v. Illinois*, 697 F.3d 612, 613-14 (7th Cir. 2012). Suit against Judge Crawford, a judicial official in a state court, is suit against an officer of a state agency, and is therefore barred by the Eleventh Amendment. *See Woods v. Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991) ("Indiana law reveals that judges of Indiana's circuit, superior, and county courts are judicial officers of the State judicial system."). In the same way, suit against Attorney General Zoeller in his official capacity is a claim against the state and is barred by the Eleventh Amendment. Suit is also barred against the prosecutors in their official capacities as they represent the state when they prosecute criminal matters. *Bibbs v. Newman*, 997 F. Supp. 1174, 1177-81 (S.D. Ind. 1991) (citing Ind. Const. art. 7). Accordingly, the Defendants are entitled to dismissal of these claims.[3]

---

[3] The Defendants are also entitled to dismissal of the official capacity claims to the extent they arise under § 1983, for the state is not a "person" within the meaning of §§ 1983, 1985, and 1986. *E.g.*, *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999).

### C. Individual Capacity Claims against State Officials

#### 1. Judge Barbara Cook-Crawford

Lewis asserts a claim against Judge Crawford for issuing an arrest warrant for invasion of privacy and requiring a surety and bond. According to Lewis, Judge Crawford lacked jurisdiction to issue the warrant because Lewis had never been served the order of protection that he is is alleged to have violated.

Judges enjoy absolute immunity from suit; this immunity is overcome in only two circumstances. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not immune from suit for actions not taken in the judge's judicial capacity. *Id.* That exception is not at issue here. Second, a judge is not immune for judicial actions taken in the complete absence of jurisdiction. *Id.* at 12. Lewis alleges that his claim falls under this exception, but the Court disagrees. Simply alleging a misunderstanding of facts – or even, as Lewis urges, perjury – is not sufficient to allege a "complete absence of jurisdiction." Judge Crawford is immune from suit for the actions Lewis alleges.[4]

#### 2. Attorney General Greg Zoeller, Marion County Prosecutor Terry Curry, and Deputy Prosecutors Rachel Jefferson and Megan Singleton

Lewis also seeks relief from Attorney General Greg Zoeller, Marion County Prosecutor Terry Curry, and Deputy Prosecutors Rachel Jefferson and Megan Singleton. The Defendants contend that they are entitled to dismissal on the grounds of absolute immunity.

A prosecutor enjoys absolute immunity from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties and qualified immunity for actions taken in an investigatory role, such as searching for clues and collaboration in order to recommend that a

---

[4] To the extent that Lewis asserts any state law causes of action against Judge Crawford, she is likewise immune from suit. *E.g.*, *Dawson v. Newman*, 845 N.E.2d 1076, 1080 (Ind. Ct. App. 2006).

6

suspect be arrested. *E.g.*, *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). Here, the acts complained of are the continued prosecution of Lewis and the failure to prosecute Crook. For these acts, these Defendants are absolutely immune.[5]

Lewis contends that immunity does not apply to Jefferson's actions in Tippecanoe County because she was acting outside the scope of her authority and jurisdiction. However, to the extent that Jefferson's testimony in Tippecanoe County falls outside the scope of her prosecutorial duties, she is nevertheless immune from suit. Like prosecutors, witnesses enjoy absolute immunity from suit under § 1983. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (citing *Briscoe v. LaHue*, 460 U.S. 325, 329-36 (1983)).[6]

### D. Marion County Commissioners

Lewis's claim against the Marion County Commissioners rests on the allegation that they appropriate money for judges and prosecutors and operate and profit from the jail. To the extent that statement is true, it nevertheless wholly fails to state a claim upon which relief may be granted.

As best the Court can tell, Lewis's real complaint here is that the Commissioners are bankrolling the wrongdoing of Judge Crawford and the prosecutors. In this way, this claim is

---

[5] Contrary to the Defendants' assertions, it is not entirely clear that the Attorney General's prosecutorial powers are so "very limited" as to preclude Lewis's claim. For example, Indiana Code § 4-6-1-6 provides that the Attorney General "shall consult with and advise the several prosecuting attorneys of the state in relation to the duties of the office, and when, in his judgment, the interest of the public requires it, he shall attend the trial of any party accused of an offense, and assist in the prosecution; and shall represent the state in any matter involving the rights or interests of the state."

[6] To the extent Lewis asserts state law claims against the prosecutors, they are also immune from suit. *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998); Ind. Code § 34-13-3-3(6)-(7); *see also Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979); *Sims v. Barnes*, 689 N.E.2d 734, 737 (Ind. Ct. App. 1997). Likewise, to the extent that Lewis asserts a claim against the Marion County Prosecutor's Office as a whole, that office is likewise entitled to immunity as to the prosecutorial actions of its employees.

similar to a supervisory liability claim, but such claims for violations of civil rights are predicated on personal involvement. *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). However, Lewis articulates no actions on the part of the Commissioners apart from appropriating and distributing funds, and this is insufficient to state a claim for relief. *Id.* ("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye in fear of what they might see.'"). The Defendants are therefore entitled to dismissal of this claim.

### E.   Police Chief Richard Hite

Lewis's claim against IMPD Chief Richard Hite is that Chief Hite failed to train and supervise Detectives Black and Edwards. In response, the Defendants contend that Lewis fails to articulate sufficient personal involvement to state a claim. The Court disagrees. Lewis alleges that Chief Hite personally engaged in wrongdoing when he failed to train Detective Black to verify records and information used to bring criminal charges and failed to train Detective Edwards in the proper investigative methods and techniques. These allegations are sufficiently specific to provide notice to the Defendants of the alleged manner and degree of Chief Hite's personal involvement. Accordingly, Lewis's claim is not subject to dismissal on that basis.

### F.   Detective Christopher Edwards

With respect to Detective Edwards, Lewis contends that Detective Edwards lacked probable cause to arrest him for rape on April 24, 2011, and erred by not seeking a medical opinion as to Crook's alleged injuries. In response, the Defendants contend that Lewis has pled himself out of court.

According to Lewis, Crook "made statements to Detective Edwards that her head was bashed into a toilet, that her head was bashed into the head board of her bed, and that she was punched in the face by [Lewis]." Am. Compl. at ¶ 38, No. 60. "Ms. Crook then went on to make

8

statements that she was severely beaten by [Lewis]." *Id.* However, according to Lewis, Crook "had no wounds to suggest her head was ever bashed into anything" and she was "gone from [Lewis's] home for over seven hours" and "high on xanex [sic] and hydrocodone" when she filed charges against him. *Id.* at ¶¶ 38, 40.

"Probable cause for an arrest exists if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense has been committed." *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989). It requires more than "bare suspicion," but "need not be based on evidence sufficient to support a conviction." *Id.* "When police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that information, or the person providing it, is not credible." *Pasiewicz v. Lake Co. Forest Preserve Dist.*, 270 F.3d 520, 524 (7th Cir. 2001). Thus, "[w]hen probable cause has been gained from a reasonably credible victim or eyewitness, there is no constitutional duty to investigate further." *Id.*

Although victim reporting almost always establishes probable cause, the Court believes that, given the preliminary stage of this case and the facts alleged, Lewis has not in fact pled himself out of court. The Defendants' motion to dismiss this claim must therefore be denied.

### G. Miscellaneous Claims

The Defendants also assert alternative claims for dismissal that warrant brief attention. Following the discussion above, to the extent that claims against any of the Defendants remain, those sounding in 42 U.S.C. §§ 1985 and 1986 are not subject to dismissal. Although the Defendants contend that the "core requirement" of actions under §§ 1985 and 1986 is "racial animus," a review of the case law reveals that the scope of these sections is not so narrow.

Rather, the plaintiff must allege "some racial, or perhaps otherwise class-based invidiously discriminatory animus," which includes "conspiracies to discriminate against persons based on sex, religion, ethnicity, or political loyalty." *Brokaw v. Mercer Co.*, 235 F.3d 1000, 1024 (7th Cir. 2000) (citations omitted). At times in his Complaint, Lewis alleges that he suffers from sex-based discrimination.

Lastly, to the extent that Lewis seeks recovery on the basis of violations of criminal statutes, his claims must be dismissed, as he points to no criminal statute that provides a private right of action.

### IV.   CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss all claims against Judge Barbara Cook-Crawford, Attorney General Greg Zoeller, Marion County Prosecutor Terry Curry, Deputy Prosecutors Rachel Jefferson and Megan Singleton, and the Marion County Commissioners is **GRANTED**. The IMPD is also entitled to dismissal as a party. Claims asserting violations of criminal law are also dismissed.

The Defendants' motion to dismiss the claims against Police Chief Hite and Detective Edwards is **DENIED**.

SO ORDERED:    05/28/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.

**Copy by United States mail to:**      **Joseph Dale Lewis**
**520 Main Street**
**Elwood, IN 46036**