# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH DALE LEWIS, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:12-cv-1093-WTL-MJD |
| RICHARD HITE, Chief of Police, AUSTIN BLACK, IMPD Detective, and CHRISTOPHER EDWARDS, IMPD Detective, | ) |
| Defendants. | ) |

## ENTRY ON REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the motion for summary judgment filed by Defendants Richard Hite, Austin Black, and Christopher Edwards (dkt. no. 91). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below. In light of this ruling, the Court **DENIES AS MOOT** Defendants' motion to strike Plaintiff's supplemental video evidence (dkt. no. 102).

### I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court accepts as true the admissible evidence presented by the non-moving party and draws all reasonable inferences in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the

burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.    BACKGROUND

The relevant facts of record, viewed in the light most favorable to Lewis, the non-moving party, are as follow.

On April 24, 2011, Indianapolis Metropolitan Police Department (IMPD) Officer Christopher Edwards responded to a domestic violence and attempted rape call made by Angela Crook. After Officer Edwards arrived at Crook's home, Crook accused Lewis, her then live-in boyfriend, of punching her in the face, arms, and legs, choking her, forcefully pushing her head into a toilet, and attempting to rape her. Officer Edwards observed strangulation marks on Crook's neck and abrasions and bruises on her face, arms, legs, and torso.[1] Thereafter, officers searched the residence and found Lewis asleep in bed. Officer Edwards ultimately determined that probable cause existed to arrest Lewis. As such, Lewis was taken into custody and booked under the following charges: (1) criminal confinement as a Class D felony, (2) strangulation as a Class D felony, (3) domestic battery as a Class A misdemeanor, (4) battery as a Class A misdemeanor, (5) rape as a Class B felony, (6) domestic battery as a Class D felony and battery as a Class D felony.[2] Based on these potential charges, the court set Lewis' bond at $160,000. During Lewis' Bond hearing on April 27, 2011, however, Crook recanted the allegations and Lewis was released. As a result of Crook's recantation, the charges stemming from the incident

---

[1] An evidence technician photographed the injuries at the scene.

[2] Lewis, however, was only charged with four counts: criminal confinement, strangulation, domestic battery as a Class A misdemeanor, and battery as a Class A misdemeanor.

were dismissed. Because Lewis spent three days in jail, however, he "was fired from [his job at] Stingray Systems." Second Am. Compl. at 13.

The fallout from the event did not stop there. In April 2011, when the incident occurred, Lewis was serving a probation sentence on a charge from Tippecanoe County. Once the Tippecanoe County Court learned of the domestic violence charges, it issued a warrant for his arrest. This time, Crook recanted her recantation and testified against Lewis at his probation revocation hearing. The court ultimately revoked Lewis' probation, and he spent another six months in jail. As a result, Lewis was fired from another job.

Thereafter, on June 7, 2012, Crook contacted the IMPD and accused Lewis of harassment, invasion of privacy, and violation of a protective order.[3] During an interview with IMPD Officer Austin Black, Crook reported that Lewis had been calling her and sending her numerous text messages, some of which were threatening in nature, and she was afraid Lewis might try to harm her or kill her.[4] Crook also told Officer Black that the protective order had been served on Lewis while he was incarcerated in the Tippecanoe County Jail. After Officer Black reviewed several of the messages on Crook's phone and a copy of the protective order, he authored an affidavit for probable cause. Based on Officer Black's affidavit, Lewis was charged with invasion of privacy as a Class A misdemeanor. According to Lewis, he was arrested twice in relation to this charge: The first time he was "left . . . in jail for weeks," and the second time he spent Christmas in jail. Lewis' Suppl. Br. at 1. Lewis, however, was never formally served

---

[3] Crook was granted a protective order against Lewis in the Marion County Superior Court under cause number 49G21-1108-PO-031524.

[4] Crook provided Officer Black with a handwritten log of phone calls and text messages. Lewis reportedly sent Crook 58 text messages between 2:59 a.m. and 11:20 a.m. on June 7, 2012, and called her numerous times.

3

with a copy of the protective order, and the invasion of privacy charge was dismissed. Despite this fact, Lewis' lost another job opportunity while the arrest warrant was pending.

As a result of the foregoing, Lewis filed suit against Officer Black, Officer Edwards, and IMPD Chief Rick Hite seeking damages for their violations of his civil rights.[5] Lewis alleges that Officer Black "committed perjury" in his affidavit for probable cause. As a result, he has violated 42 U.S.C. §§ 1983, 1985, and 1986, 18 U.S.C. §§ 1038 and 1621. Lewis also alleges that Detective Edwards violated 42 U.S.C. § 1983 "by depriving [Lewis] of rights through a defective incomplete investigation into [domestic battery] allegations made by Angela Crook." Compl. at ¶ 36. Lastly, Lewis claims that Chief Hite "has failed to properly train and supervise" Officer Black and Officer Edwards. *Id.* at ¶ 44.

### III. DISCUSSION

#### A. Officer Edwards

"Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution. . . . This is so even where the defendant officers allegedly acted upon a malicious motive." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (internal citations omitted). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Id.* (citation and quotations omitted). Additionally, "[w]hen an officer has received his information from some person—normally the putative victim or an eyewitness—who it seems reasonable to believe is telling the

---

[5] Lewis initially filed suit against Angela Crook and various other parties involved with the justice system in Indiana and Marion County regarding these events and others. Currently, however, only the claims against Officer Black, Officer Edwards, and Chief Hite remain.

4

truth, he has probable cause to arrest the accused perpetrator." *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998) (citations and quotations omitted); *see also Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate.") (citations omitted). "The court evaluates probable cause not on the facts as an omniscient observer would perceive them, but rather as they would have appeared to a reasonable person in the position of the arresting officer." *Mustafa*, 442 F.3d at 547 (citations and quotations omitted).

In this case, there was probable cause to arrest Lewis. When Officer Edwards arrived at the scene, he observed Crook outside her home, barefoot, and covered in bruises and red marks.[6] She proceeded to tell Officer Edwards that Lewis, her live-in boyfriend, had attacked her after she refused to have sex with him. Crook also reported that while Lewis was distracted, she fled the residence without shoes on and went to a neighbor's home for help. That neighbor helped her call 911. Regardless of whether Crook was telling the truth, her account, combined with her apparent injuries, was sufficient to establish probable cause. *See Mustafa*, 442 F.3d at 548 (citing *Woods v. City of Chicago*, 234 F.3d 234, 987 (7th Cir. 2000) ("The existence of probable cause does not depend on the actual truth of the complaint.").

Additionally, Lewis' arguments that Crook should have been examined by medical professionals, and Officer Edwards should have contacted other potential witnesses before arresting him, are without merit. "[P]olice officers have no duty to investigate extenuating

---

[6] Lewis argues that "if you look at the photographs of Crook . . . you will see that there are no wounds consistent with [her allegations]." Lewis' Resp. at 7. The Court has reviewed the photographs of Crook, and she was indeed covered in bruises and red marks.

5

circumstances or search for exculpatory evidence once probable cause has been established via the accusation of a credible witness." *Mustafa*, 442 F.3d at 548 (citing *Anderer v. Jones,* 385 F.3d 1043, 1049 (7th Cir.2004)). Accordingly, Officer Edwards is entitled to summary judgment.

### B. Officer Black

As noted above, Lewis alleges that Officer Black "committed perjury" in his affidavit for probable cause. As a result, he has violated 42 U.S.C. §§ 1983, 1985, and 1986 and 18 U.S.C. §§ 1038 and 1621.[7] This Court noted in its entry on Defendants' motion to dismiss (dkt. no. 73), that "to the extent that Lewis seeks recovery on the basis of violations of criminal statutes, his claims must be dismissed, as he points to no criminal statute that provides a private right of action." Thus, only Lewis' claims under 42 U.S.C. §§ 1983, 1985, and 1986 and 18 U.S.C. §§ 1038 remain.

As previously noted, "[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (internal citations omitted). In fact, if "officers can establish that they had 'arguable probable cause' to arrest the plaintiff, then the officers are entitled to qualified immunity, even if a court later determines that they did not actually have probable cause." *Williams v. Jaglowski*, 269 F.3d 778, 781 (7th Cir. 2001).

Here, probable cause existed to arrest Lewis. During Officer Black's interview of Crook, he reviewed a handwritten log of phone calls and text messages that were reportedly from Lewis. He also personally reviewed several of the text messages on Crook's phone. One such message stated, "I've wanted so badly to destroy you." Officer Black also reviewed a copy of the

---

[7] Officer Black claims that "it is unclear what, if any, claims against [him] remain." Lewis' second amended complaint, however, clearly alleges violations of these statutes.

6

protective order that Crook had obtained against Lewis, which had, according to Crook, been served on Lewis while he was in the Tippecanoe County Jail. Crook also expressed fear that Lewis might try to harm her or kill her. Based on Lewis' reported threats and his violation of the protective order, Officer Black determined that there was probable cause for Lewis' arrest and he authored an affidavit for probable cause. This was entirely reasonable and Officer Black was not required to (1) confirm that the messages and calls did, in fact, come from Lewis, (2) speak to Lewis, (3) determine if Lewis had any previous domestic battery arrests or convictions, or (4) determine whether the protective order had actually been served on Lewis before authoring the probable cause affidavit. *See Mustafa*, 442 F.3d at 548 (citing *Anderer,* 385 F.3d at 1049); *see also Beauchamp*, 320 F.3d at 743 ("In determining whether information submitted to a judicial officer in support of a warrant application was sufficient to establish probable cause, we look only at what the officer knew at the time he sought the warrant, not at how things turned out in hindsight.").[8] Therefore, Officer Black is entitled to judgment as a matter of law on Lewis' § 1983 claim.

Lewis' remaining federal claims against Officer Black also fail for the reasons noted below:

---

[8] Lewis mentions a Boston case, *James Nollet v. Dushame*, in support of his argument that Officer Black was required to verify "through phone service provider records who the text message Crook presented to him belonged to." According to Lewis, the court in Nollet decided that a wife's statement that her husband violated a restraining order by writing a letter was not enough to establish probable cause. Lewis, however, did not provide a citation for the case. Additionally, it appears any decision issued by the court on this topic was unwritten and may have been based on procedural errors. J. Edward Pawlick, *Husband Sues Policeman for Arrest Under Restraining Order*, THE MASSACHUSETTS NEWS, Sept. 18, 2000, http://www.massnews.com/past issues/2000/10 Oct/octhusb.htm ("Because the attorney for the defendant made some procedural errors which were helpful to the plaintiff and there was no oral or written finding by the judge, it is difficult to know exactly how far this decision will go in helping men who have been unjustly arrested."). Thus, the Court puts no weight on this case. Additionally, Lewis' arguments regarding hearsay and authentication are misplaced and do not pertain to the probable cause discussion.

- **18 U.S.C. § 1038 – False information and hoaxes**: This is a federal statute that criminalizes the production of false information and hoaxes (e.g., if someone posts a terror threat he knows to be false on a website). A civil action is also available to those who incur "expenses incident to any emergency or investigative response [in relation to the false or misleading information]." 18 U.S.C. § 1038(b). The actions Lewis complains of are not the type of conduct contemplated by the statute, and he points to no statute or case to suggest otherwise. Thus, Lewis' claim fails as a matter of law.

- **42 U.S.C. § 1985 – Conspiracy to interfere with civil rights**:

    [Section] 1985(3) requires that the plaintiff allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property of any right or privilege of a citizen of the United States.

    *Grimes v. Smith*, 776 F.2d 1359, 1363 (7th Cir. 1985). Lewis argues throughout his brief that "Detective Black violated [his] rights . . . because Crook is a female, and because . . . [he is] a male." Lewis' Resp. at 3. Assuming for the moment that gender-based discrimination is contemplated by the statute, there are no signs of a conspiracy or of gender animus. Simply put, Lewis asserts no facts, other than his own conclusory statements, to show that Officer Black improperly targeted him on account of his gender.

- **42 U.S.C. § 1986 – Action for neglect to prevent**:

    This provision creates a cause of action against a person that neglects or refuses to stop a conspiracy to violate the civil rights of a member of a protected class. . . . An action under § 1986 only lies where a defendant has violated § 1985(3), which prohibits a conspiracy to interfere with one's civil rights.

    *Malone v. Am. Friends Serv. Comm.*, 213 F. App'x 490, 495 (7th Cir. 2007) (citations omitted). As noted above, Lewis cannot establish a claim under § 1985(3). Likewise, he does not have a claim against Officer Black under § 1986.

Based on the foregoing, Officer Black is entitled to summary judgment on each of Lewis' claims.

### C. Chief Hite

Lastly, Lewis seeks to hold Chief Hite responsible for failing to properly train and supervise Officer Black and Officer Edwards. Specifically, Lewis alleges that

45. Chief Hite has failed to train Austin Black through verification of records and information used to bring criminal charges against [him] for invasion of privacy.

46. Chief Hite has failed to properly supervise Austin Black by ensuring he does not use perjury to bring false and untimely charges against the Plaintiff.

47. Chief Hite has failed to properly train Detective Christopher Edwards in the proper investigative methods and techniques regarding alleged rape and battery resulting in bodily injury allegations.

Second Am. Compl. at ¶¶ 45-47. The Court has already determined that the actions of Officer Black and Officer Edwards were not improper. Thus, regardless of whether a failure to train and/or supervise claim may be maintained against the IMPD Chief, Chief Hite is also not liable for failing to act as alleged above. *See Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010) (failure to train claim cannot stand when there is no underlying constitutional violation by a municipal employee). Accordingly, Chief Hite is entitled to summary judgment.

### IV. CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment is **GRANTED**. The Court also **DENIES AS MOOT** Defendants' motion to strike Lewis' supplemental video evidence.

SO ORDERED: 05/14/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. Mail to:**

**Joseph Dale Lewis**
**520 Main Street**
**Elwood, IN 46036**

Copies to all counsel of record via electronic communication.